torchon laces were not known as thread laces, but only by their special designation, and that they were made of linen thread, by hand. Upon this evidence of commercial understanding the trial judge left it to the jury to determine whether the torchon lace imported by the plaintiffs was "thread lace," and instructed the jury that it made no difference whether the lace was known to commerce at the time the law was enacted, but that, if brought into use after, and yet came under the general designation of thread lace, it was subject to the duty imposed by law upon that article. These instructions were approved by the supreme court. In Pickhardt v. Merritt, 132 U. S. 252, 10 Sup. Ct. Rep. 80, where the tariff act imposed duties on "aniline dyes and colors, by whatever name known," it appeared that the importations were dyes derived from coal tar, which were not known in commerce at the date of the enactment; they were called by specific names, and were not chemically aniline colors. The court held that the lower court properly instructed the jury that, if the articles in question, according to the understanding of commercial men, dealers in and importers of them, would, when imported, be included in that class of articles known as aniline dyes, they were subject to duty as aniline dyes. In Robbins v. Robertson, 33 Fed. Rep. 709, the question was whether certain steel buckles, clasps, etc., were dutiable as "manufactures composed wholly or in part of steel, not specially provided for," or as "jewelry of all kinds." Obviously such articles were not bought or sold by the trade name of "jewelry of all kinds;" but the court rules that the jury were to ascertain from the evidence before them whether the term "jewelry of all kinds" had acquired a distinct meaning in the trade and commerce of the country, different from its ordinary meaning. The court instructed the jury that if it had, and the articles were within the description, according to commercial designation, they were dutiable as jewelry, and not as manufactures of steel.

In the present case, although the evidence indicates that, according to the understanding of weavers, goods woven, as were the importations in question, are classed as pile fabrics, the weight of the evidence is decidedly that, according to the understanding of commercial men generally, they are not so classed.

The judgment of the circuit court is affirmed.

---

In re ROESSLER & HASSLACHER CHEMICAL CO.

(Circuit Court of Appeals, Second Circuit. May 17, 1892.)

No. 64.

1. CUSTOMS DUTIES—CLASSIFICATION—PREPARATIONS OF COAL TAR.
    The provision of the tariff act of March 3, 1883, (22 Stat. 493; Tariff Ind. New, par. 83,) imposing a duty of 20 per cent. on "all preparations of coal tar, not colors or dye," not specially provided for, applies to a product the determining characteristic of which is something which it has received from coal tar, notwithstanding some of the constituents of

coal tar have been eliminated, and other substances added. 49 Fed. Rep. 272, affirmed.

**2. SAME—CHEMICAL SALTS.**
Under this rule, napthionate of soda is dutiable as a preparation of coal tar, and not as a chemical salt, under the subsequent provision of the act, (22 Stat. 494; Tariff Ind. New, par. 92,) imposing a duty of 25 per cent. on "all chemical compounds and salts" not specially provided for. 49 Fed. Rep. 272, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Proceeding by the Roessler & Hasslacher Chemical Company to review a decision of the board of general appraisers. The circuit court reversed the decision of the board of appraisers. 49 Fed. Rep. 272. The United States appeal. Affirmed.

James J. Van Rensselaer, Asst. U. S. Atty., (Edward Mitchell, U. S. Atty., on the brief.)

Albert Comstock, (Comstock & Brown, on the brief,) for appellees.

Before WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. We concur in the opinion of the learned circuit judge who decided this case in the court below. Judgment affirmed.

---

## In re W. J. MATHESON & CO., Limited.

(Circuit Court of Appeals, Second Circuit. May 17, 1892.)

### No. 65.

**1. CUSTOMS DUTIES—CLASSIFICATION—PREPARATIONS OF COAL TAR.**
The provision of the tariff act of March 3, 1883, (22 Stat. 493; Tariff Ind. New, par. 83,) imposing a duty of 20 per cent. on "all preparations of coal tar, not colors or dye," not specially provided for, applies to a product the determining characteristic of which is something which it has received from coal tar, notwithstanding some of the constituents of coal tar have been eliminated, and other substances added. 49 Fed. Rep. 272, affirmed.

**2. SAME—CHEMICAL COMPOUNDS.**
Under this rule, tolidine base and binitrotoluole are dutiable as preparations of coal tar, and not as chemical compounds, under the subsequent provision of the act, (22 Stat. 494; Tariff Ind. New, par. 92,) imposing a duty of 25 per cent. on "all chemical compounds and salts" not specially provided for. 49 Fed. Rep. 272, affirmed.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Proceeding by W. J. Matheson & Co., Limited, to review a decision of the board of general appraisers. The circuit court reversed the decision of the board of appraisers. 49 Fed. Rep. 272. The United States appeal. Affirmed.

James J. Van Rensselaer, Asst. U. S. Atty., (Edward Mitchell, U. S. Atty., on the brief.)

Albert Comstock, (Comstock & Brown, on the brief,) for appellees.